UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KRISTOPHER CROWTHERS, an individual,<br><br>    Plaintiff,<br><br>        v.<br><br>THE TRAVELERS INDEMNITY CO., a Washington Corporation,<br><br>    Defendant. | Case No. C16-606RSL<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on defendant's "Motion for Summary Judgment Regarding Plaintiff's Extra-Contractual Claims," Dkt. # 15. Having considered the parties' briefs and the remainder of the record, the Court finds as follows.

## BACKGROUND

Plaintiff Kristopher Crowthers, an employee of Catalyst Construction ("Catalyst"), was driving a vehicle owned by Catalyst on November 18, 2014, when the vehicle was involved in a rear-end collision. Compl. (Dkt. # 2-3) at ¶¶ 2.2, 2.4. Plaintiff alleges that he was physically injured as a result of the accident, suffering severe back pain from the re-aggravation of a prior injury, and required medical attention. Id. at ¶ 2.5. Catalyst insured its vehicles through a policy ("the policy") provided by defendant The Travelers Indemnity Company ("Travelers"), which covers the medical care costs up to $5,000 for an "insured" who sustains a bodily injury due to

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT

an accident in a company car. Leiby Decl., Ex. 1 (Dkt. # 16) at 39, 47. Plaintiff filed a claim under the policy, which defendant acknowledged in correspondence with plaintiff on December 8, 2014. Id. Plaintiff initially sought medical attention and forwarded his medical bills to defendant, which paid a total of $3,097.00 to cover medical bills it received from plaintiff on January 16 and January 20, 2015. Id. at ¶¶ 6, 8. Plaintiff has no health insurance of his own as he is unable to afford it. Crowthers Decl. (Dkt. # 22) at ¶ 2.

On December 22, 2014, plaintiff's counsel sent defendant a request to access and review the policy. Rocke Decl., Ex. 3 (Dkt. # 21). On December 31, 2014, defendant responded, declining to give plaintiff's counsel a copy of the policy as counsel did not represent the policy holder, Catalyst. Leiby Decl., Ex. 3 (Dkt. # 16). In the same correspondence, defendant made its first request to plaintiff's counsel for plaintiff to give or provide access to plaintiff's medical bills and records related to the accident, pursuant to the policy. Id. Defendant had previously informed plaintiff directly that the policy required him to provide his medical records and provided plaintiff with an authorization form allowing defendant to access these records. Id., Ex. 2. Defendant never provided plaintiff with a full copy of the policy, though it included relevant portions of the policy in correspondence with plaintiff's counsel prior to the filing of this suit. Compl. (Dkt. # 2-3) at ¶ 2.7; Leiby Decl., Ex. 4 (Dkt. # 16) at 1–2. Plaintiff never authorized defendant to access his medical records. Id. at ¶ 10. Despite informing plaintiff at the outset of his claim that his medical coverage was contingent on providing defendant with relevant medical records, defendant nonetheless paid each medical bill plaintiff sent to it. Id. at ¶10, Ex. 2.

On January 23, 2015, defendant informed plaintiff's counsel that it would make no further payments to plaintiff until it received or was given access to plaintiff's medical records. Id., Ex. 4 at 1. Plaintiff characterizes this as terminating his benefits. See id., Ex. 5; Resp. (Dkt. # 20) at 2. Plaintiff's counsel replied on February 10, indicating that plaintiff would soon give

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT                    -2-

defendant access to these records. Leiby Decl., Ex. 5 (Dkt. # 16). After multiple unsuccessful attempts to contact plaintiff, defendant closed its file on plaintiff's injury on May 4, 2015, a few weeks after notifying the plaintiff that it would do so. Id. at ¶¶ 12–14. Plaintiff had submitted his final medical bill to defendant in January 2015; at no point did defendant refuse to reimburse plaintiff for a bill he submitted. Id. at ¶¶ 6, 8.

On November 13, 2015, plaintiff filed a complaint in King County Superior Court claiming that defendant's refusal to provide him with a full copy of the policy caused him to forego additional medical treatment, leading to physical pain and an inability to secure full-time employment. Compl. (Dkt. # 2-3) at ¶ 2.9. Plaintiff alleges that defendant, through its refusal to provide plaintiff with the full policy, failed to deal in good faith in violation of common law and RCW 48.30.010; violated the Washington Consumer Protection Act ("CPA"), RCW 19.86, et seq.; and violated the Insurance Fair Conduct Act ("IFCA"), RCW 48.30.015. Id. at ¶¶ 3.1–3.8, 3.15–3.21. Plaintiff also lists "Insurance Coverage by Estoppel" as a cause of action, claiming entitlement to this remedy because defendant "without explanation . . . stopped providing benefits." Id. at ¶¶ 3.9–3.14.

Defendant removed the suit to the Western District of Washington, and plaintiff moved to remand, arguing in his motion that the amount in controversy did not exceed $75,000. Neal Decl., Ex. 3 (Dkt. # 17) at 3. The Honorable Richard A. Jones granted plaintiff's motion to remand on February 16, 2016, finding that defendant failed to show that the amount in controversy exceeded $75,000. Id., Ex. 4 at 1. In response to an interrogatory dated April 1, 2016, plaintiff stated that "Travelers could be liable to Plaintiff for $100,000 to $200,000." Id., Ex. 5 at 6. On April 26, 2016, Travelers removed the case to the Western District of Washington for the second time.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT              -3-

## DISCUSSION

**A. Summary Judgment Standard**

The Court will grant summary judgment if the movant demonstrates there is no genuine dispute of material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). To show that there is no genuine dispute of material fact, a party must support its assertion by citing to the record or by showing that the adverse party cannot produce admissible evidence to support a fact. Fed. R. Civ. P. 56(c). Once the moving party has submitted evidence in support of summary judgment, the burden shifts to the non-moving party to establish the existence of a genuine issue of material fact that goes to an essential element of its case. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When the moving party has properly supported its motion, the non-moving party must cite specific facts demonstrating a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The Court must view the evidence presented and all reasonable inferences that may be drawn therefrom in the light most favorable to the non-moving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

**B. Plaintiff Fails to Demonstrate a Genuine Dispute of Material Facts Regarding Insurer Bad Faith**

Insurers have a statutory duty to act in good faith, practice honesty, and abstain from deception towards their insureds. RCW 48.01.030. This duty creates a "quasi-fiduciary relationship" requiring that insurers exercise a high standard of good faith; obligating insurers to deal fairly with the insured and to give equal consideration to the insureds' interests.[1] Van Noy

---

[1] Although Plaintiff was not the policy holder, the parties do not dispute whether he is entitled to bring a bad faith claim as a first party claimant. In Tank v. State Farm Fire and Cas. Co., the Washington Supreme Court held that third party claimants have no cause of action for breach of duty of good faith, but nonetheless found that insurers have a duty of good faith towards intended third-party beneficiaries to an insurance policy. See Tank v. State Farm Fire and Cas. Co., 105 Wn.2d 381, 394–95 (1986). In this case plaintiff, as a Catalyst employee and driver of a Catalyst company vehicle, was an intended third-party beneficiary to the policy. Rocke Decl., Ex. 2 (Dkt. # 21) at 11. Therefore, under the rationale set forth in Tank, plaintiff is entitled to bring an insurer bad faith claim.

v. State Farm Mut. Auto Ins. Co., 142 Wn.2d 784, 794 (2001).  An insurer bad faith claim is analyzed using standard tort principles: duty, breach, causation, and damages.  Smith v. Safeco Ins. Co., 150 Wn.2d 478, 485 (2003).  To show that the insurer breached its duty of good faith, a plaintiff must show that the insurer breached the insurance contract and that "the breach was unreasonable, frivolous, or unfounded."  Kirk v. Mt. Airy Ins. Co., 134 Wn.2d 558, 560 (1998).  A bad faith claim cannot succeed when the insurer denies coverage based on a reasonable interpretation of the insurance policy.  Overton v. Consolidated Ins. Co., 145 Wn.2d 417, 433 (2002).  Plaintiff's claim of bad faith fails because plaintiff has not pled or identified any breach of the insurance contract, and defendant's intent to cease further payments on plaintiff's behalf was based on a reasonable interpretation of the policy.  Plaintiff bears the burden of proving damage as a proximate result of an insurer's bad faith acts for the bad faith claim to succeed.  Coventry Assocs. v. Am. States Ins. Co., 136 Wn.2d 269, 281–82 (1998).  Plaintiff has failed to meet this burden.

Plaintiff bases his claim of bad faith solely on defendant's refusal to provide him with a full copy of the policy.  Compl. (Dkt. # 2-3) at ¶¶ 3.1–3.4.  Plaintiff has not identified how failing to provide him a complete copy of the policy constitutes a breach of the insurance contract, nor does plaintiff even allege a breach of the insurance contract.  See id. at ¶¶ 3.1–3.4; see also Resp. (Dkt. # 20) at 9.  Plaintiff appears to argue that defendant's refusal to deliver the policy to plaintiff gives rise to a bad faith claim even in the absence of a contract breach.  Id.

Regardless of whether a refusal to deliver a complete copy of an insurance policy to a party other than the policy holder rises to the level of breaching the insurer's quasi-fiduciary duty, a bad faith claim still requires a showing of causation.  Smith, 150 Wn.2d at 485.  Plaintiff argues that defendant's failure to provide him with the policy caused him to cease pursuing medical treatment, in turn causing him physical and emotional damages.  Compl. (Dkt. # 2-3) at ¶¶ 3.3–3.4.  Plaintiff fails to show that defendant is the proximate cause of his damages.  Under

the policy, plaintiff was required to submit or otherwise provide Travelers access to his medical records. Leiby Decl., Ex. 1 (Dkt. # 16) at 26 ("We have no duty to provide coverage under this policy unless there has been full compliance with the following duties. . . . (4) Authorize us to obtain medical records or other pertinent information."). This section of the policy was delivered to plaintiff's counsel months before defendant closed plaintiff's file. See id., Ex. 4 at 1–2. Plaintiff's failure to submit the documentation required under the policy was the basis for defendant's decision to close the file. Id. Plaintiff has not provided any evidence to support his argument that defendant's failure to provide him with the entire policy, rather than his failure to comply with its known terms, was the proximate cause of any injury.

Plaintiff has also failed to set forth any facts to establish that he was damaged as a result of defendant's actions. See Smith, 150 Wn.2d at 485. Plaintiff has not cited or submitted any medical records, affidavits from medical professionals, or any other potentially relevant evidence from which it could be inferred that plaintiff's injuries were caused or aggravated by a failure to obtain further medical attention after his final claim in January 2015. See Resp. (Dkt # 20) at 9–10. Without any facts to support plaintiff's assertion that he suffered additional damages as a result of bad faith by the defendant, plaintiff cannot satisfy the damages element of an insurer bad faith claim. Plaintiff's additional claim of consequential damages is similarly dependent on showing that his lack of medical attention for his injuries damaged him beyond the injuries from the accident itself. Compl. (Dkt. # 2–3) at 5.

Since plaintiff has not adequately alleged a breach of duty by Travelers or set forth any evidence that creates a genuine dispute of material fact regarding causation or damages, summary judgment is appropriate for the insurance bad faith claim.

**C. Plaintiff's Failure to Show a Genuine Dispute Regarding Causation and Damages Dooms His Other Claims**

Plaintiff's remaining causes of action require proof of a genuine dispute of material fact

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT         -6-

regarding causation and damages to withstand summary judgment. The previous analyses of these issues are equally applicable here.

### 1. Consumer Protection Act Claim

A successful claim under the CPA, RCW 19.86, et seq., requires the plaintiff to show the following elements: (1) an unfair or deceptive act or practice; (2) in trade or commerce; (3) affecting the public interest; (4) causing; (5) injury to the plaintiff in his or her business or property. Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 784–85 (1986). Plaintiff's sole allegation of an unfair or deceptive act by defendant is defendant's refusal to give plaintiff a full copy of the policy. Compl. (Dkt. # 2-3) at ¶ 3.6. Plaintiff's CPA claim cannot withstand summary judgment because plaintiff has not established a genuine dispute regarding causation or damages.

### 2. Insurance Fair Conduct Act Claim

The IFCA provides a cause of action to a first party claimant who is unreasonably denied a claim for coverage, allowing the claimant to recover "actual damages sustained." RCW 48.30.015(1). Under the IFCA, an insurer is only liable for damages that are proximately caused by the unreasonable denial of a claim. Schreib v. Am. Family. Ins. Co., 129 F. Supp. 3d 1129, 1137 (W.D. Wash. 2015). There was no unreasonable denial of a claim for coverage in this case because defendant never denied any claim plaintiff made pursuant to the policy. Leiby Decl. (Dkt. # 16) at ¶ 10. Plaintiff's allegation that defendant's refusal to provide him a copy of the policy prevented him from making claims on the policy is undermined by the uncontested fact that plaintiff actually made claims on the policy. Rocke Decl. (Dkt. # 21) at Ex. 2, 11–12. Further, plaintiff cannot recover under the IFCA because, as discussed above, he has failed to show that he suffered actual damage or that the damage suffered was proximately caused by defendant's unreasonable denial of a claim. Since plaintiff has failed to establish genuine dispute to any of the elements of a IFCA claim, summary judgment is appropriate.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT            -7-

**D. Plaintiff Is Not Entitled to Coverage by Estoppel**

Plaintiff's complaint lists "Insurance Coverage by Estoppel" among his causes of action. Compl. (Dkt. # 2-3) at ¶¶ 3.9–3.14. Coverage by estoppel is not a cause of action, but rather a remedy available to plaintiffs in insurer bad faith actions in certain contexts. See Coventry, 136 Wn.2d at 283–85 (1998). As explained above, plaintiff's bad faith claim against defendant fails as a matter of law. Even if plaintiff's bad faith claim were successful, plaintiff would not be entitled to coverage by estoppel because this remedy is not available to first party claimants. Id. at 284. As an individual asserting a right to payment as a covered person under an insurance policy, plaintiff is a first party claimant. RCW 48.30.015(4). Plaintiff is therefore not entitled to this remedy.

**E. Plaintiff Fails to Satisfy the Requirements to Obtain a Continuance Under Rule 56(d)**

Under Fed. R. Civ. P. 56(d), when a non-moving party shows that for specified reasons it cannot present "essential facts" justifying its opposition, the court may (1) defer consideration of the motion or deny it, (2) allow time for the party to obtain the required affidavits or discovery, or (3) issue any other appropriate order. Fed. R. Civ. P. 56(d). To obtain relief under Rule 56(d), a party must (1) set forth an affidavit specifying the facts it hopes to gain through continued discovery, (2) that those facts exist, and (3) the sought-after facts are essential to their opposition. Family Home and Finance Center, Inc. v. Federal Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008). Courts have granted Rule 56(d) continuances when a party has had no opportunity to conduct discovery or when the information sought is solely under the control of the party moving for summary judgment. E.g., Programming Engineering, Inc. v. Triangle Publications, Inc., 634 F.2d 1188, 1193 (9th Cir. 1980); Walters v. City of Ocean Springs, 626 F.2d 1317, 1321 (5th Cir. 1980). A party must also show that he has worked diligently to pursue discovery in previous opportunities. Qualls By and Through Qualls v. Blue

1    Cross of California, Inc., 22 F.3d 839, 844 (9th Cir. 1994).  Plaintiff claims that granting
2    summary judgment at this time is inappropriate because he has not received documents in
3    response to his Request for Production No. 2 and because he has not obtained expert medical
4    opinions to prove his damages.  Resp. (Dkt. # 20) at 7.

5    　　　First, plaintiff cannot obtain relief under Rule 56(d) because he has failed to submit an
6    affidavit in support of this request, a requirement for obtaining a Rule 56(d) continuance.  See
7    State of Cal., on behalf of California Dept. Of Toxic Substances Control v. Campbell, 138 F.3d
8    772, 779 (9th Cir. 1998).  However, even if plaintiff had filed such an affidavit, he would still
9    not be eligible for a Rule 56(d) continuance based on the reasons he asserts in his motion.
10   Plaintiff's Request for Production No. 2 seeks to obtain "handling instructions, manuals, and
11   correspondence available to claims professional Chelsea Hollingsworth in 2014-2015 for the
12   handling of commercial claims."  Rocke Decl., Ex. 10 (Dkt. # 21) at 2.  An answer to plaintiff's
13   production request would not preclude summary judgment; regardless of whether or not
14   Travelers' decision to withhold the policy was justified or reasonable, plaintiff has failed to
15   establish a genuine dispute regarding causation or damages.

16   　　　In addition, plaintiff has not shown a justifiable reason for his delay in seeking evidence
17   to support claim of damages.  Failure to work diligently to obtain evidence in discovery is
18   grounds for denial of a Rule 56(d) motion.  Pfingston v. Ronan Engineering Co., 284 F.3d 999,
19   1005 (9th Cir. 2002).  This action was originally filed in November 2015 and removed to this
20   court in April 2016.  Compl. (Dkt. # 2-3) at 1; Notice of Removal (Dkt. # 1) at 1.  Defendant's
21   motion was filed June 30, 2016.  Mot. (Dkt. # 15) at 1.  The cutoff for expert witness reports was
22   September 7, 2016, and has been extended to October 7, 2016 at the parties' request; the cutoff
23   date for discovery is November 6, 2016.  Minute Order (Dkt. # 19) at 1; Stipulation and Order
24   (Dkt. # 25).  Plaintiff had notice of the need to seek the opinion of medical experts and has had
25   ample time to do so; his failure to promptly obtain this evidence demonstrates a lack of diligence
26

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT                -9-

in discovery.  Obtaining this information is entirely within plaintiff's control, and plaintiff's response gave no justification for his delay in obtaining it.  See Resp. (Dkt # 20) at 13.  For all these reasons, the Court will not continue this motion pursuant to Rule 56(d).

## CONCLUSION

For all the forgoing reasons, defendant's "Motion for Summary Judgment Regarding Plaintiff's Extra-Contractual[2] Claims," Dkt. # 15, is GRANTED.  Plaintiff's claims are hereby DISMISSED with prejudice.  The Clerk of Court is directed to enter judgment in favor of defendant and against plaintiff.

DATED this 13th day of October, 2016.

*[signature]*
Robert S. Lasnik
United States District Judge

---

[2] Defendant raises in a footnote contractual claims by plaintiff seeking the remaining Med-Pay Benefits available under the limits of the policy.  Mot (Dkt. # 15) at 2 n.1.  However, plaintiff did not actually plead these claims in his complaint.  See Compl. (Dkt # 2-3).  Therefore, this order disposes of all claims made by plaintiff.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT                -10-